Squire Dingee Co. v. McDonald.

---

### Squire Dingee Co. v. Mary McDonald.

1. INSTRUCTIONS—*Relating to Tenders—Errors in—When Rendered Immaterial.*—An error in giving or refusing an instruction in regard to the legal effect of a tender is rendered immaterial by a verdict of the jury for a greater amount than the sum tendered.

2. SAME—*Goods Sold and Delivered—Implied Contracts of Sale.*—In an action for goods sold and delivered it is error to instruct the jury that if they are unable to say whether there was a contract between the parties with reference to the goods in dispute they should find for the defendant, because in the absence of a contract the jury might properly have found that the goods were delivered upon an implied contract for what they were reasonably worth.

Assumpsit, goods sold and delivered.   Appeal from the Circuit Court of McHenry County; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the May term, 1895.   Affirmed.   Opinion filed December 10, 1895.

JOSLYN & CASEY and JOHN B. LYON, attorneys for appellant.

C. P. BARNES, FRANK SPITZER and J. E. BARBER, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.
This was a suit brought by appellee originally before a
justice of the peace, on the 7th of November, 1890, to recover
a balance claimed by her to be due from appellant for cucum-
bers delivered by her to it, at its factory situated in Wood-
stock, in McHenry county, Illinois, during the pickle season
of 1890. The trial before the justice resulted in a verdict
for the appellee and judgment by the justice. An appeal
was taken to the Circuit Court and there, on trial before a
jury, appellee gained a verdict for $144.66, balance due her,
on which judgment was rendered, from which this appeal is
taken. The appellee claimed the right to recover $1 per
bushel for the pickles delivered by her, under a contract
made by her, that she was to receive as much for her pickles
as any other customer received for theirs that fall. She
proved by witnesses that they received $1 per bushel for
small, and as high as twenty-five cents for large pickles.
Appellant's defense was, that before any pickles were
delivered they had entered into a written contract with her,
through the agency of her husband, that she was to deliver
all her pickles at forty cents per bushel. The appellee denied
that there was any such contract, and denied that she ever
authorized her husband to enter into such a one. Appellee
succeeded in her contention before the jury, and it is insisted
by appellant that the verdict was contrary to the weight of
the evidence to such a degree that the Circuit Court should
have granted them a new trial. It also complains that the
court erred in giving certain instructions, Nos. 1, 2 and
3, and refused instructions Nos. 4 and 6. The first one
told the jury that if it found there was no contract
proven, such as was insisted on by the appellant, then the
jury should not consider the delivering of the said pickles to
the appellant as any evidence or knowledge on her part of
the existence of any such contract.

We find no fault with the above instruction. The deliv-
ery of the pickles alone would not tend to prove the exist-
ence of a special contract. The intention of the parties in
delivering and receiving the pickles, in the absence of the
proof of a special contract, could have been as well referred

to the making of an implied contract of sale as a special one. Under the evidence in the case we find no fault with the second instruction. The third instruction has reference to the form of the verdict as to the tender of $11.77.

All instructions in regard to the tender were rendered useless by the verdict of the jury for a greater amount than the tender. The fourth instruction refused was not erroneous, because it also had reference to the tender, and if refused could do no harm. The appellant had ample instructions given on its part as to its right to defeat the action. The sixth instruction was, in substance, that if the jury was unable to say whether any contract between the plaintiff and defendant, with reference to the cucumbers in dispute, was proven, then the jury should find for the defendant, and was erroneous and properly refused, because in the absence of a contract, the jury could have properly found that the cucumbers were intended to be delivered on a sale on an implied contract; that they were to be paid for in a sum for what they were reasonably worth. The evidence did not show, at least conclusively, that the pickles were left there on store, but rather tended to show they were delivered on sale.

As to the weight of the evidence, we are satisfied that the jury were warranted in its verdict. It was not so conclusive against appellee's contentions that the Circuit Court had a right to interfere. Seeing no error in the record the judgment of the court below is affirmed.