The Illinois Central Railroad Company

*v.*

Laura B. Johnson, Admx.

*Opinion filed October 24, 1901.*

PRACTICE—*alleged errors not urged in motion for new trial are waived.* Under section 56 of the Practice act, where a party files a written motion for a new trial specifying the grounds of such motion, he will be restricted, in a court of review, to the grounds so specified, and all other grounds are waived.

*Illinois Central Railroad Co.* v. *Johnson,* 95 Ill. App. 54, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

WILLIAM H. GREEN, (J. M. DICKINSON, of counsel,) for appellant.

W. F. BUNDY, and FRANK F. NOLEMAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 22d day of November, 1899, one Zeddie C. Johnson, while engaged in the discharge of his duty as an employee of the appellant company in the capacity of a switchman, in the yards of the company in Centralia, fell or was thrown under the wheels of a moving freight car and sustained injuries which resulted in his immediate

death.   The appellee, as administratrix of his estate, instituted in the circuit court of Marion county an action on the case to recover damages under the provisions of the statute for the benefit of his widow and next of kin, on the theory his death was occasioned by actionable negligence on the part of the appellant company.   Upon a trial before a jury judgment was rendered against the company in the sum of $4000, and on appeal to the Appellate Court for the Fourth District the judgment was affirmed.   This is a further appeal prosecuted by the appellant company to reverse the judgment.

Appellant contends that on the hearing in the circuit court no evidence whatever was produced showing the exercise of any degree of care whatever by the deceased, and that the attempt to show he was inexperienced, and therefore, in some degree, at least, exempt from the necessity of exercising care and caution, failed for a total lack of evidence to support it, and that evidence of negligence on the part of the appellant or any of its servants was wholly wanting.   It is therefore urged we should reverse the judgment for the reason the circuit court refused to grant a peremptory instruction, presented in behalf of the appellant company at the close of all the evidence, to direct the jury to find the appellant company not guilty.   Counsel for appellee insist the record does not bring before us the question whether the court erred in its ruling with reference to the said peremptory instruction, for the reason that the appellant company filed its motion for new trial in writing, in which it particularly specified the points or grounds relied on to entitle it to a re-trial, and did not in such motion specify the refusal of the court to grant the peremptory instruction as one of the points or grounds for such new trial.

It appears from the record counsel for appellant objected to the action of the court in refusing to grant the peremptory instruction, and excepted to such action of the court at the time the same was had and taken, and

such objection and exception were duly noted and certified in the bill of exceptions. It also appears from the bill of exceptions counsel for the appellant company presented to the trial court a motion in writing for a new trial, and in said motion specified four separate points or grounds of the motion, and that the refusal of the court to grant the peremptory instruction was not specified as one of such points or grounds or included in any of such specifications. We have frequently held that under the proper construction of section 56 of the Practice act, where a party files a motion in writing for a new trial, specifying therein the grounds or reasons for such motion, he will be restricted, in a court of review, to the grounds or reasons specified in such written motion, and will be deemed to have waived all other grounds or reasons for a new trial. *West Chicago Street Railroad Co.* v. *Krueger,* 168 Ill. 586; *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 id. 104; *Hintz* v. *Graupner,* 138 id. 158; *Consolidated Coal Co.* v. *Schaefer,* 135 id. 210; *Brewer & Hoffman Brewing Co.* v. *Boddie,* 162 id. 346.

The cases cited, and the ruling made therein upon the point in question, are familiar to counsel for the appellant company, but counsel ask us to reconsider the ruling in those cases, and adopt what they contend to be the better construction of said section 56 of the Practice act and withal the more reasonable rule, that if, in the course of a trial, exceptions are alleged and allowed and incorporated in the bill of exceptions in pursuance of section 59 of the Practice act, it should not be deemed necessary, in order to obtain a review of such exceptions by the Appellate or Supreme Court, the party should again, by way of a motion for a new trial, call the attention of the trial court to the exceptions, and obtain, through the medium of such motion for new trial, the action of the trial court for the second time on the alleged errors. We think the construction given the said section 56 of the Practice act correctly interprets the legislative intent.

The reasons for this conclusion are fully elaborated in the decided cases referred to and need not be here repeated.

The purposes to be subserved by objections urged to the court during the course of a trial and the renewal of such objections by way of a motion for a new trial are entirely different. While the trial is in progress the purpose is to avoid error upon the part of the court and to secure a fair, impartial and legal determination of the controversy. The purpose to be attained by a motion for a new trial, so far as it relates to errors which are thought to have occurred prior to the rendition of the verdict, is to call upon the trial court to review and reconsider its actions and rulings during the trial, to the end that any error which may have intervened may be corrected by the allowance of a new trial by the trial judge and the necessity avoided of accomplishing that purpose by resort to a court of review by appeal or writ of error. The purpose of a motion for new trial being, therefore, to obviate the necessity of resorting to an appellate tribunal, the soundness of the rule that a party should set forth in the motion for new trial all grounds therefor which he expects to urge in the court of review becomes manifest. If he has good reason for a new trial, every proper consideration demands he should make it known to the first tribunal which has power to grant him a rehearing of his cause.

Counsel do not seek to present any alleged grounds of error other than such as were comprehended within the motion for a peremptory instruction to return a verdict for the appellant company, and there being no error in that respect apparent in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*