Chicago, Burlington and Quincy Railroad Company

*v.*

James R. Haselwood.

*Opinion filed December 18, 1901.*

1. Appeals and errors—*effect where Appellate Court affirms without making a finding of fact.* A judgment of affirmance by the Appellate Court which makes no finding of facts implies a finding of facts the same as the trial court, and is conclusive of all controverted questions of fact.

2. Same—*motion for new trial is essential to right to have exceptions to rulings on evidence reviewed.* It is essential to the right of a party to have exceptions to rulings on the admissibility of evidence reviewed on appeal, that there be a motion for new trial, a refusal to grant the same and an exception to such ruling.

3. Same—*motion for new trial should be preserved by bill of exceptions.* A motion for new trial becomes part of the record when incorporated in the bill of exceptions, but not when it appears only in the transcript of the proceedings and files as certified to by the clerk.

4. Same—*bill of exceptions should preserve instructions and exceptions.* In order to obtain a review of the action of the court in granting, refusing or modifying instructions, it is necessary that the instructions should be set forth in the bill of exceptions and the exceptions thereto noted in the bill.

5. Same—*when instructions are not preserved in a bill of exceptions.* Copies of instructions found in the record immediately following the bill of exceptions, over the certificate of the clerk to the effect that they were copies of the instructions given or refused by the court, cannot be considered, where there is nothing in the bill serving to identify them with the instructions referred to therein.

*C., B. & Q. R. R. Co.* v. *Haselwood*, 91 Ill. App. 103, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.

G. EDMUNDS, for appellant.

SCOFIELD & MCMAHAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In an action on the case brought by the appellee to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the servants of the appellant company, judgment in the sum of $1200 was awarded the appellee on the verdict of a jury in the circuit court of Hancock county. The Appellate Court for the Third District affirmed the judgment on appeal, and the record is before us on the further appeal of the appellant company.

Counsel for the appellant company insists that in all cases at law, "when (as in this case) the Appellate Court makes no finding of fact, on appeal to this court this court will review the whole record, both of law and fact, the same as if the case had come directly from the circuit court to this court," and upon this theory devotes more than twenty pages of his brief to a recitation of the evidence and the discussion of the facts, and to the elaboration of his contention that a preponderance of the evidence does not support the verdict. The question of the sufficiency of the evidence, as matter of law, to justify submission of the cause to the jury is not raised by the record. The judgment of affirmance implies a finding of facts by the Appellate Court the same as by the trial court, and in such state of the record the judgment of the Appellate Court is final and conclusive as to all controverted questions of fact. (*Montgomery* v. *Black*, 124 Ill. 57; *Postal Tel. Co.* v. *Lathrop*, 131 id. 575; *Lamson* v. *Illinois Trust and Savings Bank*, 166 id. 162.) The question of the

sufficiency of the evidence to support the verdict of a jury and the judgment rendered thereon is not open to review, even in courts having jurisdiction to determine that question, unless a motion for a new trial was made and the motion overruled and exceptions thereto preserved by a bill of exceptions. (*Reichwald* v. *Gaylord*, 73 Ill. 503; *Law* v. *Fletcher*, 84 id. 45; *Illinois Central Railroad Co.* v. *O'Keefe*, 154 id. 508.) As will hereafter be made to appear, the record does not disclose that a motion for a new trial was presented to the trial court.

The remainder of the brief of counsel for appellant is devoted to the discussion of alleged errors of the trial court in its rulings as to the admissibility of evidence and in giving and refusing instructions, neither of which questions is preserved by the record in such manner as to authorize us to review them.

It appears from the bill of exceptions objections were made and exceptions taken to the rulings of the court on questions of the admissibility of testimony, but it is essential to the right of appellant to have such rulings reviewed the trial court should have been asked to grant a new trial because of such rulings. (*Pottle* v. *McWorter*, 13 Ill. 454; *Daniels* v. *Shields*, 38 id. 197; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Dorsey*, 68 id. 326; *Nason* v. *Letz*, 73 id. 371.) Errors of the court in rulings as to the admissibility of evidence constitute grounds for a new trial. It is the duty of litigants to seek this mode of relief in the trial court, and resort to an appeal only in the event the trial judge erroneously refuses to grant a new trial, and such refusal is excepted to and the exception preserved. *Illinois Central Railroad Co.* v. *Johnson*, 191 Ill. 594.

A motion for a new trial appears in the transcript of the proceedings and files as certified to by the clerk. This action on the part of the clerk is extra-official. The authority to certify that a motion for a new trial was entered rests alone in the trial judge. Such motions only become a part of the record by being incorporated in the

bill of exceptions. (*Daniels* v. *Shields, supra; Nason* v. *Letz, supra; Graham* v. *People,* 115 Ill. 566; *Gould* v. *Howe,* 127 id. 251; *Harris* v. *People,* 130 id. 457.) The bill of exceptions does not contain a motion for a new trial, nor is any reference found in said bill to any action taken by the court on such a motion.

In order to obtain the review of the action of the court in granting, refusing or modifying instructions, it is requisite the instructions should be set forth in the bill of exceptions and exceptions thereto noted in such bill. (*East St. Louis Electric Railway Co.* v. *Stout,* 150 Ill. 9; *Martin* v. *People,* 13 id. 341; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Harper,* 128 id. 384.) The bill of exceptions, with reference to the matter of instructions, is as follows: "Thereupon, after argument, the court gave the following instructions to the jury: (Here insert, first, those given asked by the plaintiff; second, those given asked by the defendant.) And the court refused to give the following instructions asked by the defendant: (Here insert.) The foregoing is all the evidence offered and given on the trial of this cause; also all the instructions given and all asked by defendant that was refused. Defendant prays that this its bill of exceptions be signed and sealed and made part of the record in said cause, which is done accordingly." The instructions do not appear in the bill of exceptions, nor does it appear in said bill that objections were preferred or exceptions preserved to the rulings of the court in giving or refusing instructions. We find in the record, immediately following the bill of exceptions, copies of instructions, but nothing in the bill serves to identify these instructions as being those referred to in the bill of exceptions. The certificate of the clerk is to the effect that these instructions are copies of those given or refused by the court. This certificate has no virtue to bring these instructions to our judicial notice. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Yando,* 127 Ill. 214; *Chicago, Milwaukee and*

*St. Paul Railway Co.* v. *Harper, supra.*)  Even if these copies of instructions as certified by the clerk could be considered as forming a part of the bill of exceptions, it does not appear exceptions were taken to the rulings of the court as to them.

The record does not present for decision any of the alleged errors argued in the briefs.

The judgment is affirmed.          *Judgment affirmed.*