### Catherine Chilton v. Joseph Chilton.

1. PRACTICE—*Where Objections to Action of Trial Court Are Waived.* —Where an alleged error in the giving of an instruction is not objected to in the motion for a new trial, nor in the assignment of errors, such error, if any, is waived.

**Divorce.**—Error to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the May term, 1902. Affirmed: Opinion filed November 24, 1902.

H. S. MILLER and JOHN C. SNIGG, attorneys for plaintiff in error.

PERRY & MORGAN, attorneys for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The plaintiff in error, Catherine Chilton, on August 21, 1901, filed in the Circuit Court of Sangamon County her bill for a divorce from her husband, the defendant in error, Joseph Chilton, upon the alleged ground that since their marriage on September 5, 1900, "she has always behaved herself toward him as a chaste, dutiful and affectionate wife," while he, " wholly disregarding his marriage vows

Chilton v. Chilton.

and obligations toward her, had ever since said marriage been guilty of extreme and repeated cruelty toward her, that is to say that he, on divers days and times since said marriage has beaten, struck, kicked and choked her, has neglected to furnish her with proper and necessary food and clothing, and particularly that on the 10th and 12th of June, and in April, 1901, at their home, he struck her a violent blow in the face with his fist, knocking her down and otherwise greatly injuring her; that afterward he again attacked her in their home, kicked, choked and forced her out of the house; and again he struck and kicked her in a violent manner, and otherwise ill treated her; and upon each of said occasions, used the most obscene and opprobrious language toward her, rendering her life miserable."

The defendant in error answered by admitting that he was married to the plaintiff in error as alleged in the bill, but denied all the other allegations thereof and then alleged that his wife " heretofore, to wit, during the months of January, February, March, April, May and June, A. D. 1901, on divers times and occasions, wholly disregarding her marriage vows and obligations, was guilty of extreme and repeated cruelty toward him; that is to say that she, on divers days and times since their marriage and during said months, slapped, struck and kicked him, and particularly on, to wit, January 20, 1901, at their home, she struck him violent blows on his face with her open hand and clinched fists, greatly injuring him; that afterward, on to wit, May 6th, she again attacked him in their home, and kicked, struck and slapped him; and again on, to wit, June 1, 1901, she struck, slapped and kicked him in a violent manner and otherwise ill treated him; and that she, on each of said occasions and on numerous and divers other occasions during said months, used insulting and opprobrious language toward him, and thereby provoked him to anger, she at such times indulging in sallies of passion without any provocation whatever, and while in a rage of passion she threatened and said she would kill him, all of which provoked and angered him."

And the answer also alleged that the plaintiff in error, " with her mother and brother, on, to wit, January 30, 1901, conspired together to prefer charges of insanity against him and thereby separate him from his wife, and force and compel him to be taken away from and be separated from her, and in furtherance of said conspiracy the brother filed a petition in the County Court of Sangamon County, Illinois, praying that an inquisition be held as to the sanity of the defendant; that his wife, her mother and brother aforesaid, in pursuance of the filing of said petition, caused the defendant to be incarcerated in the county jail of said Sangamon county for a long space of time, to wit, eighteen hours, during which time the defendant, by reason of the aforesaid acts and doings of his wife, her mother and her brother aforesaid, suffered great mental anguish, and his feelings became and were thereby greatly wounded and hurt, and that said insanity proceedings were wholly unwarranted and without cause, and were not at that time, nor at any time since, prosecuted."

The case was tried by jury under the issue formed by the bill and answer, and resulted in a verdict finding the defendant not guilty, upon which the court, after overruling the motion of the plaintiff in error to set aside the verdict and grant a new trial, entered a decree dismissing the bill for want of equity, to which she preserved an exception.

The grounds specified in the motion to set aside the verdict and grant a new trial were as follows :

" First, the court erred in giving the first, second, third and fifth instructions given for the defendant.

" Second, the verdict is contrary to the evidence of the case.

" Third, the verdict is contrary to the law and the evidence of the case."

The plaintiff in error brings the case to this court on writ of error, and has assigned on the record only the following :

" Assignment of errors : (1) The court erred in dismissing complainant's bill for want of equity; (2) the court erred

in overruling complainant's motion for a new trial; (3) the court erred in giving instructions numbered one (1), two (2), three (3), four (4) and five (5) as asked by the defendants."

In the printed brief and argument filed in this court by counsel for the plaintiff in error, it is urged as one of the grounds for reversing the decree, that the court erred in giving the sixth instruction requested by the defendant in error, but this court can not be called upon by the plaintiff in error to review that action of the trial court for the reason that neither in the motion for a new trial, nor in the assignment of errors, is the giving of that instruction alleged as being erroneous, and therefore such error, if any, has been waived. Illinois Central R. R. Co. v. Johnson, 191 Ill. 594, and cases there cited.

Nothing is urged against any of the other instructions, but it is insisted that the verdict of the jury and the decree are not supported by the evidence. The evidence is very conflicting on the question as to whether the husband was guilty of extreme and repeated cruelty toward his wife as she charged him in her bill, and it is also conflicting as to whether she was guilty of the recriminating conduct with which he charged her in his answer. It is very clearly shown, however, that the conduct of each toward the other was such as to arouse anger and produce domestic infelicity.

The evidence also tends strongly to show that before this suit was commenced, there had been such a reconciliation effected between the parties as to show that both the husband and wife had condoned the prior offenses of each toward the other, after which the wife left him without sufficient further cause for so doing, and in that state of the proof, we are satisfied that the conclusion reached by the jury and the trial judge has such support in the evidence that it should not and will not be disturbed.

The decree will be affirmed.