## D. E. CALL

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 18, 1903.*

1. APPEALS AND ERRORS—*when alleged insufficiency of evidence is the only point relied on for reversal.* Plaintiff in error in a criminal case will be held to rely upon the alleged insufficiency of the evidence as the sole ground for reversal where his entire argument is devoted to that point, the instructions are not set out in the abstract, and no objections to the instructions nor to the rulings on evidence are pointed out or discussed.

2. SAME—*only grounds for reversal contained in motion for new trial can be considered.* No grounds for reversal other than those set out in the motion for new trial will be considered by the Supreme Court on direct review of a judgment in a case tried before a jury.

3. SAME—*motion for new trial must be preserved in bill of exceptions.* A motion for new trial, and the court's ruling thereon, must be preserved in the bill of exceptions, and it is not sufficient that the clerk copy the said motion into the transcript of the record made by him.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. FRANK K. DUNN, Judge, presiding.

H. C. BELL, for plaintiff in error.

H. J. HAMLIN, Attorney General, and B. D. MONROE, (B. M. DAVISON, State's Attorney, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error, D. E. Call, was convicted in the circuit court of Clark county, at its September term, 1902, of the crime of larceny and sentenced to the penitentiary at Chester. He has sued out a writ of error, and assigns various errors alleged to have been committed by the trial court, as grounds for a reversal. The first, second and third assignments of error challenge the rulings of the court on the admission and exclusion of

evidence, the fourth and sixth question the action of the court in giving and refusing instructions, and the fifth is that the court erred in overruling a motion made by the plaintiff in error for a new trial.

The instructions have not been abstracted, (*Thompson v. People*, 192 Ill. 79,) and counsel has pointed out no objections thereto, nor has he discussed the rulings of the court in the admission and exclusion of evidence, his entire argument being based upon the insufficiency of the evidence to support the verdict and judgment, and he will be deemed to have waived all other contentions and to rely solely upon that point for a reversal.

An examination of the bill of exceptions fails to disclose the motion for a new trial alleged to have been made in the circuit court, the only reference thereto therein being: "Thereupon the defendant, by his counsel, moved the court to set aside the verdict and grant to said defendant a new trial, and said defendant filed the following motion in writing for a new trial. But the court denied the motion and gave judgment on the verdict of guilty against the defendant, to which decision of the court in denying such motion and rendering judgment herein, the defendant, by his counsel, then and there duly excepted." The clerk has copied into that portion of the record prepared by him, what purports to be a motion for a new trial.

The rule is well settled in this State that where there has been a trial by jury, the errors relied on for a reversal in this court must have been first called to the attention of the trial court by motion for a new trial and an opportunity given that court to correct the same, (*Illinois Central Railroad Co. v. Johnson*, 191 Ill. 594,) and if the motion is overruled, the motion, ruling of the court thereon and an exception thereto must be preserved by bill of exceptions. In the case of *Graham v. People*, 115 Ill. 566, at page 569 the court say: "But even if the verdict was not supported by the evidence we could not re-

verse the judgment for that reason, because the bill of exceptions does not show that any motion was made in the court below for a new trial on that account. In fact, it does not show that any motion for a new trial was made at all. The transcript shows an entry made by the clerk in his record, of a motion for a new trial by plaintiffs in error, and that it was overruled and an exception taken; but it does not show on what the motion was based, and if it did, it would not be sufficient, as we have repeatedly held that motions of this kind, and the rulings of the court thereon, and the exceptions, if any are taken, must be preserved by bill of exceptions, and that a mere entry of the same by the clerk on the record will not answer the purpose." And in the case of *Harris* v. *People*, 130 Ill. 457, at page 463 it is said: "We do not find ourselves under the necessity, however, of deciding the question here suggested, as the record before us is not so framed as to properly present it. There being no bill of exceptions, the motion for a new trial, if one was in fact made, does not appear to have been preserved in the record. According to the practice which has been uniformly observed in this State, the only mode in which a motion for a new trial and the rulings of the court thereon can be preserved in the record is by bill of exceptions, and where there is no bill of exceptions the record furnishes no evidence of which this court can take notice that a motion for a new trial was made or decided."

In the late case of *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood*, 194 Ill. 69, the bill of exceptions contained the following: "Thereupon, after argument, the court gave the following instructions to the jury: (Here insert, first, those given asked by the plaintiff; second, those given asked by the defendant.) And the court refused to give the following instructions asked by the defendant: (Here insert.) The foregoing is all the evidence offered and given on the trial of this cause; also all the instructions given and all asked by defendant

that was refused. Defendant prays that this its bill of exceptions be signed and sealed and made part of the record in said cause, which is done accordingly." And we said (p. 72): "The instructions do not appear in the bill of exceptions. * * * We find in the record, immediately following the bill of exceptions, copies of instructions, but nothing in the bill serves to identify these instructions as being those referred to in the bill of exceptions. The certificate of the clerk is to the effect that these instructions are copies of those given or refused by the court. This certificate has no virtue to bring these instructions to our judicial notice."

It is not sufficient that the clerk copy into the transcript of the record made by him, a copy of the motion for a new trial. It must be made a part of the bill of exceptions. (*Graham* v. *People, supra; Harris* v. *People, supra; Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood, supra.*) The rule being that no grounds other than those set out in the motion for a new trial will be considered by this court in reviewing the judgment of the trial court, it is important that we know what that motion contained. This knowledge can come to us only through the bill of exceptions. We can judicially know only that which is set out in the bill of exceptions.

Nothing appearing in this record as to the grounds on which the motion for a new trial was based, the presumption is that the trial court properly overruled the same, and it not appearing that the sufficiency of the evidence to support the verdict and judgment was raised by motion for a new trial, we are not at liberty to go into that question. The judgment of the circuit court will therefore be affirmed.          *Judgment affirmed.*