## Louis Jones v. City of Spring Valley.

1. PRACTICE—*Where the Bill of Exceptions Fails to Show that a Motion for a New Trial Was Made.*—The rulings of the trial court upon admitting or excluding evidence, as well as the rulings generally upon the trial, are not preserved or presented for review upon appeal or writ of error, where the bill of exceptions fails to show that a motion for a new trial was made, overruled, and an exception thereto saved.

2. SAME—*Action of Court in Regard to Instructions May Be Reviewed, Although No Motion for a New Trial is Preserved.*—The action of the trial court in giving or refusing instructions may be reviewed on appeal or writ of error, although no motion for a new trial is preserved in the bill of exceptions.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

WILLIAM H. HAWTHORNE and DUNCAN, DOYLE & O'CONOR, attorneys for appellant.

C. N. HOLLERICH and A. R. GREENWOOD, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action on the case brought by plaintiff against the City of Spring Valley to recover damages for personal injuries. Plaintiff claims to have been thrown from a vehicle in which he was riding in Dacota street, by reason of the defective and dangerous condition of the street, and to have sustained serious injuries. There was a trial by jury. At the close of the plaintiff's case the court, on motion of defendant, excluded all of the plaintiff's evidence and directed the jury to find the defendant not guilty. A verdict was returned in accordance with the instruction. The court thereupon entered judgment against the plaintiff for costs. Plaintiff brings the case to this court by appeal.

The defendant made no motion in the court below for a new trial. The abstract filed in this case states that there was such a motion, but this is untrue. There is not even a motion for a new trial in the record of the proceedings

kept by the clerk. It is urged that the court erred in excluding plaintiff's evidence, and in directing a verdict of not guilty. The rulings of a trial court upon admitting or excluding evidence, as well as the rulings generally upon the trial, are not preserved or presented for review upon appeal or writ of error, where the bill of exceptions fails to show that a motion for a new trial was made, overruled, and an exception thereto saved. Gould v. Howe, 127 Ill. 251; I. C. R. R. Co. v. O'Keefe, 154 Ill. 508; C., B. & Q. R. R. Co. v. Haselwood, 194 Ill. 69; Call v. The People, 201 Ill. 499. Whether the court erred in excluding the plaintiff's evidence is not, therefore, submitted for our determination. We must therefore assume that the court properly excluded the evidence.

The action of the trial court in giving or refusing instructions may be reviewed on appeal or writ of error, although no motion for a new trial is preserved in a bill of exceptions. I. C. R. R. Co. v. O'Keefe, *supra*. The question whether the court erred in giving the peremptory instruction to find the defendant not guilty, is properly before us for determination. Before the instruction was given, all of plaintiff's testimony had been excluded, and not improperly, from anything that appears in this record. It was incumbent upon plaintiff to prove the material allegations of his declaration by competent evidence. With no evidence whatever in the record it can not be said that it was error for the trial court to direct the jury to find the defendant not guilty.

The judgment of the Circuit Court is affirmed.