## F. M. Garthwait v. Board of Education of School District No. 118, Vermilion County.

1. BILL OF EXCEPTIONS—*when, insufficient for review.*  Where an action at law is tried by a jury, a bill of exceptions which does not show a motion for a new trial, the action of the court overruling the same, and an exception thereto, is insufficient to authorize the Appellate Court to review the questions involved in the admission or exclusion of evidence, the giving, modifying or refusing of instructions and the sufficiency of the evidence to support the verdict.

Action of assumpsit.   Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding.   Heard in this court at the May term, 1904.   Affirmed.   Opinion filed November 18, 1904.

C. G. TAYLOR and LAWRENCE & LAWRENCE, for appellant.

REARICK & MEEKS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit in assumpsit by appellant against appellee, to recover a balance claimed to be due upon a contract for the building of a school house.   Upon the trial by a jury there was a verdict for appellee, upon which the court entered judgment.

It is urged in reversal of the judgment that the court erred in admitting and excluding evidence, in giving and refusing instructions, and that the verdict is not supported by the evidence.

The bill of exceptions recites that a motion for a new trial was entered by appellant, and such motion is therein formally set out but it does not appear from the bill of ex-

ceptions that the court ever acted upon such motion. In the transcript of the orders entered in the case, as certified by the clerk, the following in relation to the motion for a new trial appears: "Now come the said parties by their respective attorneys, and the motion heretofore entered for a new trial is overruled by the court, and thereupon said plaintiff excepts." It must be regarded as settled law, in this state, that in a case at law, tried by a jury, there must, after verdict, be a motion for a new trial, action by the court overruling such motion and exception thereto, to authorize an appellate court to review the questions involved in the admission or exclusion of evidence, the giving, modifying, or refusing instructions, and the sufficiency of the evidence to support the verdict; that such motion for a new trial, the action by the court overruling the same, and exception thereto must be recited in a bill of exceptions and that the recital of such matters by the clerk in the transcript of the record is an extra-official act and avails nothing to preserve the questions involved for review. I. C. R. R. Co. v. Johnson, 191 Ill. 594; C., B. & Q. R. R. Co. v. Haselwood, 194 Ill. 69; Call v. The People, 201 Ill. 499; East St. L. Electric St. R. R. Co. v. Cauley, 148 Ill. 490.

Errors alleged to have intervened in the progress of the trial must be brought to the attention of the trial court by motion for a new trial, and the trial court thus given an opportunity to review its action, and if deemed erroneous, to award the complaining party a rehearing in that court, to the end that the expense and delay incident to the prosecution of an appeal or writ of error may be avoided.

No question of law or fact in this case having been properly preserved for review by this court, the judgment of the Circuit Court is affirmed.

*Affirmed.*