## St. Louis & San Francisco R. R. Co. v. Franklin P. Puterbaugh.

### Gen. No. 11,430.

1. REBATES—*when, may be recovered from railroad company.* Notwithstanding the Interstate Commerce Act, recovery of railroad fare, agreed to be returned by a railroad company to a shipper of freight, may be had in a state court.

2. EXCEPTIONS—*how, should be preserved.* An exception in gross to several rulings of the court is improper to assign and urge error upon such several rulings; each ruling should be separately excepted to.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 6, 1905.

GEORGE H. SEYME, for appellant; FRANK P. BLAIR, of counsel.

No appearance by appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit which appellant states was brought to recover for overcharges and rebates on freight over the line of appellant's railroad for shipment, it is said, "among the

several states." Appellee originally brought suit before a justice of the peace. The judgment here appealed from is for the sum of $52.20, and appellant's contention is that inasmuch as Congress has fully covered by law the regulation of interstate commerce, including the matter herein sued upon, the state courts have no jurisdiction.

This is not, however, so far as we can discover, an attempt to obtain a remedy for unjust discrimination or anything of the kind. As stated by the trial court, plaintiff sues upon a special contract, a promise by an agent of the appellant to refund the amount paid by appellee as railroad fare to a point in Texas in case appellee should ship two carloads or more of live stock from that point. Appellee paid the fare, and also claims to have paid an overcharge above the schedule freight rate which had been agreed upon. The facts are not denied. Appellant offered no evidence, and relies wholly upon denial of jurisdiction.

The bill of exceptions shows that a motion for a new trial was overruled with a judgment on the finding, " to which ruling of the court " defendant excepted. In East St. Louis E. R. R. Co. v. Conley, 148 Ill. 490–493, it is held that " a general exception cannot be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises on the trial." The bill of exceptions fails to show any exception to overruling the motion for a new trial, and therefore we cannot consider any of the errors assigned on the admission or rejection of evidence. *Idem;* C., B. & Q. R. R. Co. v. Haselwood, 194 Ill. 69–71.

The judgment of the Circuit Court is affirmed.

*Affirmed.*