## Thomas A. Elliott v. The Egyptian Power Company.

1. EVIDENCE—*what essential to preserve rulings upon, for review.* To entitle a party to the right to have exceptions and rulings on the admissibility of evidence reviewed on appeal, there must be a motion for a new trial, a refusal to grant the same, and an exception to such ruling.

Action in assumpsit. Appeal from the County Court of Williamson county; the Hon. RUFUS NEELY, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

GEORGE W. YOUNG, for appellant.

E. E. DENISON and F. W. RAYMOND, for appellee.

Mr. Presiding Justice Myers delivered the opinion of the court.

This is an action in assumpsit on special contract, brought by appellant against appellee in the County Court of Williamson county. Issues were joined and the case tried by jury. At the conclusion of plaintiff's evidence, the court instructed the jury to find the issues for the defendant. On the trial of the case, and in the offer of evidence in proof of the alleged agreement, it developed that a writing had been signed by the plaintiff, and this being produced the court ruled that evidence in proof of a verbal agreement was inadmissible and excluded further testimony in that line. This writing purports to be a release and compromise settlement of all claims by plaintiff against the defendant for injuries sustained in the accident of May 5, 1904, and properly was matter to be set up in defense. It was offered by the plaintiff, and the question whether or not the court erred in excluding testimony as to the consideration for the release, is not before us to decide, for the reason that it was not first submitted to the trial court by motion for new trial, with exception preserved by bill of exceptions, to an adverse ruling of that court upon such motion. The peremptory instruction, of which complaint is made, was based upon the evidence then in the record, and without evidence of a contract or of a consideration promised, other than that expressed in the release, there was no evidence on which to submit the case to the jury, and the court could not do otherwise than instruct for the defendant. To entitle a party to the right to have exceptions to rulings on the admissibility of evidence reviewed on appeal, there must be a motion for a new trial, a refusal to grant the same and an exception to such ruling. C., B. & Q. R. R. Co. v. Haselwood, 194 Ill. 69; Jones v. City of Spring Valley, 108 Ill. App. 492. In Call v. The People, 201 Ill. 500, it is said: "The rule is well settled in this state that where there has been a

trial by jury, the errors relied on for a reversal in this court must have been first called to the attention of the trial court by motion for a new trial and an opportunity given that court to correct the same.'' In this statement of the rule is seen the reason for it, namely, that the party complaining must first exhaust his right in the trial court before he may be heard in an appellate court. It is his right in the trial court to have the errors assigned upon the rulings respecting the admissibility of evidence and other incidents of the trial, reviewed by that court upon a motion for new trial, and until he avails himself of that right the court of appeal will not take cognizance. It does not appear in this record that there was a motion for a new trial, or that an exception to the judgment was preserved and shown by the bill of exceptions,—a condition requiring affirmance of the judgment by this court. The abstract is deficient, and for the most part subject to the criticism made by appellee, but as the record is short and as there is other remedy for non-compliance with the rule requiring a complete abstract, we are not disposed to make that a reason for affirming the judgment. For other reasons, already stated, and because there was no evidence in the record tending to prove the plaintiff's cause of action, we are constrained to hold, that the County Court did not err in giving the peremptory instruction to find for the defendant. The judgment will, therefore, be affirmed.

*Affirmed.*