## Sylvester L. Derby v. John Peterson.

### Gen. No. 12,753.

1. INSTRUCTION—*when need not be in writing.* A peremptory instruction upon an uncontradicted fact need not be in writing.

2. MOTION FOR NEW TRIAL—*essential to review.* The very essence of the right to a review of the record in a law case rests on the making of a motion for a new trial and the overruling of the same with proper exception; failure to make such motion for a new trial waives the right to review in the Appellate Court.

Action of debt. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

DAVID S. GEER, for appellant.

LANTRY & LYON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of debt upon two bonds, one an injunction bond and the other a bond given in an appeal case to this court, in both of which appellant was surety.

On issue joined the cause was tried before the court

and a jury and on evidence proffered by appellee and admitted by the court, consisting of the two bonds sued and counted upon in due and sufficient form in the declaration, the order of the court dissolving the injunction and assessing damages for its wrongful suing out at the sum of $200, certified copy of the order of this court affirming the judgment in the case appealed, in which a judgment for costs was rendered against the principal in the appeal bond, the testimony of a witness who computed the interest accrued on the amount assessed as damages on the dissolution of the injunction. . Appellant failing to offer any evidence or assign any valid reason why a verdict should not be rendered for the amount of debt and damages appearing to be due, the court verbally instructed the jury to return a verdict in favor of the appellee for $400 debt, the penalty of the two bonds, and $221.20 damages, upon which a judgment was entered in due form directing a discharge of the debt upon payment of the amount assessed as damages, with costs of suit. The court directed one of the jurors to sign the verdict as foreman. Appellant excepted to the action of the court in verbally directing a verdict and instructing a juryman to sign the same as foreman. Thereupon appellant moved the court to arrest judgment, which motion the court overruled, and appellant excepted and prayed this appeal.

While the condition of this record inhibits its review in this court, yet we have considered the same and find ample proof in it to support the verdict and judgment. Appellee's proof uncontroverted imposed upon the trial judge the duty of directing a verdict for the amount of debt and damages thus unchallenged due appellee. Such direction was not an instruction to the jury upon any question of law involved, but a direction as to the uncontradicted fact, and the statute which provides that courts shall instruct the jury upon the law of the case in writing only, has no application here.

As the court well said in Young v. Wells Glass Co., 187 Ill. 626: "The jury were, under the evidence then before them, bound to find for the plaintiff the amount due under the contract, as there was no evidence upon which to allow any damages to the defendant." This language is equally applicable here. The claim for damages, made by defendant as an offset to plaintiff's claim in Young v. Wells, *supra,* having been disallowed by the court, nothing remained for the jury to do but return a verdict in the amount which the uncontradicted testimony properly before them showed to be due the plaintiff. The purpose of a jury retiring from the bar of the court to consider of their verdict, is to settle disputes arising from the evidence. Where no disputes exist, retiring from the bar of the court is unnecessary and the court may properly direct a verdict.

But, if for no other reason, this judgment must be affirmed, because appellant failed to make a motion for a new trial. The very essence of the right to a review of a record in this court in a law case rests on the making of a motion for a new trial and the overruling of the same with proper exception. Failure to make such motion for a new trial waives the right to review here. Call v. The People, 201 Ill. 499.

As said in Garthwait v. Board of Education, 117 Ill. App. 59: "It must be regarded as settled law in this state that in a case at law, tried by a jury, there must after verdict be a motion for a new trial, action by the court overruling such motion and exception thereto, to authorize an Appellate Court to review the questions involved in the admission or exclusion of evidence, the giving, modifying or refusal of instructions and the sufficiency of the evidence to support the verdict." These indispensable requisites must also be preserved in the bill of exceptions. Salomon v. Ellison, 102 Ill. App. 419; Dearborn v. Reilly, 79 Ill. App. 281.

Appellant has shown no merit in his defense. There is no error apparent from the record. If error there was in this record, the failure of appellant to make a motion for a new trial bars this court of jurisdiction to disturb the judgment of the Circuit Court, and it will therefore be affirmed.

*Affirmed.*