The Tokheim Manufacturing Company, Appellee, v.
John Stoyles, Appellant.

Gen. No. 4,977.

1.   SALES—*in what state made.*   The acceptance of an order for
merchandise in another state filled by the delivery of such mer-
chandise to a carrier at a point in such state, such merchandise
being billed to the consignee in this state, is a sale made in the
sister state and not in Illinois.

2.   WARRANTY—*when rescission for breach of, cannot be made.*
Where there is a warranty on sale of goods without fraud and the
goods have been accepted and there is no stipulation in the con-
tract that the goods may be returned, the vendee has no right
to annul the contract, without the consent of the vendor, for a
breach of warranty, but may in an action for the price recoup the
damage sustained by reason of the breach of warranty.

3. APPEALS AND ERRORS—*what essential to preserve for review rulings upon evidence.* In order to preserve for review rulings of the court upon questions of evidence, the record should show a motion for a new trial, the action of the court in overruling the same and an exception thereto.

4. PLEADING—*when special plea obnoxious to demurrer.* When a special plea sets up matters of defense which are available under the general issue, such plea is obnoxious to a special demurrer.

5. PLEADING—*when action of court in sustaining demurrer to special plea harmless error.* Where all the evidence that was offered or could have been admitted under the special plea was admitted under the general issue, a ruling sustaining a demurrer to such special plea cannot be urged as ground for reversal.

Assumpsit.  Appeal from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding.  Heard in this court at the April term, 1908.  Affirmed. Opinion filed August 10, 1908.

McLAUGHLIN & HILLYER, for appellant.

BROWNE & SOULE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The Tokheim Manufacturing Company is a corporation organized under the laws of Iowa, and doing business at Cedar Rapids, Iowa.  John Stoyles is a merchant doing business at Monmouth, Illinois.  In June and July, 1906, the corporation manufactured and shipped to Stoyles some oil tanks and fixtures.  Stoyles subsequently shipped the apparatus back, claiming it did not fulfill certain warranties.  The corporation refused to receive it, and brought this suit in the Warren County Circuit Court, to the January term, 1907, against Stoyles to recover the contract price of the apparatus.  The declaration consists of the common counts.  The defendant filed the general issue January 11, and a special plea January 14, which was amended January 17, 1907.  The plaintiff filed a demurrer both general and special to the special plea.  The court made an order sustaining the special demurrer and overruled the general demurrer.  The cause was then

tried by a jury which returned a verdict for plaintiff for $100. The record written by the clerk shows that the court overruled a motion for a new trial and rendered judgment on the verdict. The defendant prosecutes this appeal.

It appears from the evidence that a traveling man took an order June 6, 1906, from appellant to appellee to manufacture the apparatus to recover for which this suit is brought. The appellee accepted the order in writing at Cedar Rapids, June 7, and appellee manufactured the apparatus and from there shipped it by railroad to appellant. The acceptance of the order, and the delivery of the goods to the railroad company at Cedar Rapids, billed to the appellant, was a sale to him at Cedar Rapids and not in this state. Carthage v. Duvall, 202 Ill. 234; Munsell v. Carthage, 203 Ill. 474; Bloomington v. Bourland, 137 Ill. 534; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727; Brennan v. City of Titusville, 153 U. S. 289.

The appellant insisted, in his brief, that the court erred in sustaining an objection to his offer to show an attempt to return the apparatus to appellee. The proof is that the apparatus was shipped to the appellant. It was received by him and installed in his store at Monmouth, by a plumber engaged by him early in July. On August 8, appellant wrote appellee that the apparatus was fixed the way he wanted it. August 25th, appellant shipped the apparatus back to appellee, claiming it did not fulfill a warranty, but the appellee refused to receive it. Appellant did not undertake to prove any damages under the warranty. The contract of sale did not contain any agreement that the apparatus might be returned. Where there is a warranty on sale of goods, without fraud, and the goods have been accepted, and there is no stipulation in the contract that the goods may be returned, the vendee has no right to annul the contract without the consent of the vendor for a breach of the warranty, but may in an action for the price recoup the damage sustained by

reason of the breach of warranty. Doane v. Dunham, 65 Ill. 512; Diversy v. Kellogg, 44 Ill. 114; Owens v. Sturges, 67 Ill. 366; 30 Am. & Eng. Encyc. of Law, 190 (2nd Ed.). If this question was properly before us still there was no error in refusing to permit a return of the apparatus to be shown.

The bill of exceptions does not show that any motion was made at the close of all the evidence to exclude the evidence and for a peremptory instruction in favor of the appellant, neither does it show what verdict was returned, nor that any motion for a new trial was made, or that such a motion was overruled or that an exception was taken to the overruling of such motion.

A motion for a new trial becomes a part of the record only when incorporated in the bill of exceptions, but not when it appears only in the transcript of the proceedings as certified to by the clerk. An exception, in a bill of exceptions, to overruling a motion for a new trial is necessary, in a case tried by a jury, to authorize an appellate court to review questions involving the admission or exclusion of evidence or the sufficiency of the evidence to support the verdict. Chicago, Burlington & Quincy R. R. Co. v. Haselwood, 194 Ill. 69, and cases therein cited; Garthwait v. Board of Education, 117 Ill. App. 59; Derby v. Peterson, 128 Ill. App. 494. It follows from the rule announced in these authorities, that the rulings of the trial court on the admission of evidence or the sufficiency of the evidence to support the verdict are not properly before us for review. "Errors of the court in rulings as to the admissibility of evidence constitute grounds for a new trial. It is the duty of litigants to seek this mode of relief in the trial court, and resort to an appeal only in the event the trial judge erroneously refused to grant a new trial and such refusal is excepted to and the exception preserved." Ill. Cen. R. R. Co. v. Johnson, 191 Ill. 594; C., B. & Q. Ry. Co. v. Haselwood, 194 Ill. 69; Call v. People, 201 Ill. 499; C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446, 457. The rule is otherwise in a case tried

by the court. Climax Tag Co. v. American Tag Co., 234 Ill. 179.

The remaining question, before us, is the propriety of the ruling of the trial court sustaining the special demurrer to the special plea. The declaration alleges that the plaintiff is a corporation and that defendant became indebted to plaintiff, October 1, 1906. The special plea averred "that the plaintiff is a corporation organized for profit under the laws of the state of Iowa, is not a railroad or telegraph company or any insurance, banking or loan business, that the goods, wares and merchandise for which this suit is brought were sold to the defendant in the State of Illinois and by him bought of plaintiff within the State of Illinois, since January 1, 1902;" that the plaintiff had not, at the commencement of the suit, as by the statute provided, filed with the secretary of state its articles or certificate of incorporation nor a statement of its capital stock represented in Illinois or designated any officer on whom service could be had nor had the secretary of state issued a certificate entitling plaintiff to do business in this state, etc.

The only special ground of demurrer is, "That all the matters and things alleged in said plea can be shown by said defendant under his plea of the general issue heretofore filed herein as fully and with the same force and effect as under said plea." The record shows that the general demurrer was overruled and the special demurrer only was sustained. When a special plea sets up matters of defense which are available under the general issue such plea is obnoxious to a special demurrer. Cook v. Scott, 1 Gilm. 333; Abrams v. Pomeroy, 13 Ill. 133; Wiggins Ferry Co. v. Blakeman, 54 Ill. 201; Roosevelt v. Hungate, 110 Ill. 595.

All the evidence that appellant offered upon the question raised by the special plea was admitted. Since all the evidence that was offered or could have been admitted under the special plea was admitted under the general issue, the ruling sustaining the demurrer to

the special plea cannot be urged as ground of reversal as the ruling in no way prejudiced the appellant. Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439.

The plea also averred the goods were sold since January 1, 1902. The statute in regard to foreign corporations doing business in this state now in force went into effect July 1, 1905, and repealed all parts of the statute in force in 1902 in conflict with the present act. Under such circumstances it was not error either to sustain or overrule the demurrer.

The judgment is affirmed.

*Affirmed.*