**Frank Gschwendtner, Appellee, v. Charles Gebhardt, Appellant.**

**Gen. No. 5,030.**

1. CONTRACTS—*when contract price not agreed upon.* The price to be paid for services rendered pursuant to a parol contract is not agreed upon or fixed where the same had been stated in an

advertisement, which advertisement it does not appear was seen by the party sought to be charged.

2. APPEALS AND ERRORS—*when rulings upon the evidence not subject to review.* The ruling of the trial court with respect to evidence is not subject to review in the absence of a bill of exceptions showing a motion for a new trial, the overruling thereof by the court and an exception to such action of the court by the complaining party.

Action commenced before justice of the peace. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

Z. F. YOST, for appellant.

BERT W. ADSIT, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This was a suit begun by appellee before a justice of the peace to recover stud fees claimed to be due for service to appellant's mare during the breeding season of 1906, according to printed and posted terms of service, and for what such service was reasonably worth if not the amount stated in the printed terms. The case was appealed from the justice court to the Circuit Court. At the close of all the evidence the defendant made a motion to exclude the evidence and to instruct the jury to find for the defendant. The court overruled the motion, and the jury found in favor of the plaintiff and assessed his damages at ten dollars. The bill of exceptions contains neither any refused instruction nor any motion for a new trial or any exception to the rendering of judgment. The defendant prosecutes this appeal.

The evidence shows that appellee had a stallion named Syrop, which was advertised to stand at his home five miles east of Pontiac on certain days and at other days at Odell. The advertisements stated the terms to be "$18 to insure a colt to stand and suck when

conditions are met. When a mare changes ownership or is taken out of immediate community the service fee of $18 is due." Appellant by his hired man sent the mare to appellee's home to be bred in June, 1906, and afterwards in December, 1906, sold the mare. The appellant testified he did not know and never heard of that part of the terms, "When a mare changes ownership," etc. Appellee's claim is that he only stood the horse on the terms advertised. Appellee then proved what was the value of such services without a warranty of a colt. This it is claimed was error. Appellant sold his mare, which would make him liable for the stud fee of $18 under appellee's terms. If appellant did not see the advertisement and did not know of appellee's terms, then it is evident the minds of the parties never met and there was no express contract. Under that state of the case appellee was entitled to recover on a *quantum meruit* upon an implied contract for the value of the services. Phillips v. Roberts, 90 Ill. 492; Farrell v. Dooley, 17 Ill. App. 66; Squire Dingee Co. v. McDonald, 61 Ill. App. 607. Appellee was not by this suit seeking to enforce a lien under chapter eight of the statutes of Illinois.

An exception in a bill of exceptions to the overruling of a motion for a new trial is necessary in a case tried by a jury to authorize an appellate court to review questions involving the admission or exclusion of evidence or the sufficiency of the evidence to support the verdict. Chicago, Burlington & Quincy R. R. Co. v. Haselwood, 194 Ill. 69, and cases therein cited; Call v. People, 201 Ill. 499; C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446; I. C. R. R. Co. v. Johnson, 191 Ill. 594; Derby v. Peterson, 128 Ill. App. 494. Failure to incorporate in the bill of exceptions a motion for a new trial and an exception to the ruling of the court on the motion for a new trial, waives the right to a review of the questions that have been argued in this court. The judgment is affirmed.

*Affirmed.*