James Herder

*v.*

The People of the State of Illinois.

*Opinion filed April 20, 1904.*

1. Appeals and errors—*motion for new trial is essential to question sufficiency of evidence.* A motion for new trial is essential to preserve for review the question whether or not the verdict is contrary to the evidence.

2. Criminal law—*verdict for robbery need not find age of accused.* A verdict finding the accused guilty of the crime of robbery need not find the age of the accused.

3. Same—*verdict need not fix time of imprisonment.* A verdict need not fix the time of imprisonment of a person found guilty of a crime which, under the statute, is punishable by imprisonment in the penitentiary for an indeterminate period.

Writ of Error to the Circuit Court of Peoria county; the Hon. T. N. Green, Judge, presiding.

J. W. Culbertson, for plaintiff in error.

W. V. Tefft, State's Attorney, and Edwin Hedrick, (Oliver R. Barrett, of counsel,) for the People.

Mr. Chief Justice Hand delivered the opinion of the court:

The plaintiff in error was indicted jointly with Ed. Colvin and James Shufeldt for the crime of robbery, by the grand jury of Peoria county, and upon a trial, his co-defendants not having been arrested, was found guilty and sentenced to the penitentiary for an indeterminate period.

It is first assigned as error that the verdict was contrary to the evidence. The plaintiff in error made no motion for a new trial. The question of the sufficiency of the evidence to support the verdict is not therefore raised upon this record and is not presented to this court for determination. In *Call* v. *People*, 201 Ill. 499, on page

500 it was said: "The rule is well settled in this State that where there has been a trial by jury, the errors relied on for a reversal in this court must have been first called to the attention of the trial court by motion for a new trial and an opportunity given that court to correct the same, (*Illinois Central Railroad Co.* v. *Johnson*, 191 Ill. 594,) and if the motion is overruled, the motion, ruling of the court thereon and an exception thereto must be preserved by bill of exceptions. In the case of *Graham* v. *People*, 115 Ill. 566, at page 569 the court say: 'But even if the verdict was not supported by the evidence we could not reverse the judgment for that reason, because the bill of exceptions does not show that any motion was made in the court below for a new trial on that account.'"

It is next assigned as error that the verdict is insufficient to support a judgment of conviction, as the jury did not find, by the verdict, the age of plaintiff in error. The record is silent as to the age of plaintiff in error, except in this: that he testified, while upon the stand as a witness in his own behalf, that he had resided in the city of Peoria twenty-three years. It was, however, not necessary that the jury, by their verdict, find the age of the plaintiff in error. *Sullivan* v. *People*, 156 Ill. 94; *Porter* v. *People*, 158 id. 370; *Doss* v. *People*, id. 660.

It is also assigned as error that the jury failed to fix, by their verdict, the time of imprisonment of the plaintiff in error in the penitentiary. It was held in *Hagenow* v. *People*, 188 Ill. 545, *People* v. *Murphy*, 202 id. 493, and *Glover* v. *People*, 204 id. 170, that the statute, where the crime is punishable by imprisonment in the penitentiary for an indeterminate period, does not require the jury to fix the time of the imprisonment of the defendant by their verdict.

Finding no reversible error in this record, the judgment of the circuit court of Peoria county will be affirmed.

*Judgment affirmed.*