# UNITED STATES EX REL. CREARY v. WEEKS, SECRETARY OF WAR.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 725.   Argued April 20, 1922.—Decided May 29, 1922.

1. *French v. Weeks, ante,* 326, followed, to the effect that § 24b of the Army Reorganization Act does not require personal and judicial action on the part of the President precedent to the final classification of an army officer as one to be retired or discharged from the Army. P. 342.
2. Section 24b of the Army Reorganization Act does not violate due process of law in not affording an officer who, after due hearing before a Court of Inquiry, has been classified by the Board of Final Classification as one who should not be retained in the service, a notice and a further hearing before the further determination, by another board, of the question whether the classification was due to his neglect, misconduct or avoidable habits, in-

volving, if affirmative, his discharge from the Army or, if negative, his placement on the retired list at diminished pay. P. 343.

3. Proceedings of lawfully constituted military tribunals, acting within the scope of their lawful authority, with jurisdiction over the person and subject-matter involved, cannot be reviewed or set aside by the civil courts by mandamus or otherwise. P. 344.

277 Fed. 594, affirmed.

ERROR to a judgment of the Court of Appeals of the District of Columbia, which reversed a judgment of the Supreme Court granting the writ of mandamus against the present defendant in error and dismissed the proceeding.

Mr. Samuel T. Ansell and Mr. Charles Pope Caldwell, with whom Mr. Edward S. Bailey was on the brief, for plaintiff in error. The following is a summary of their argument in this and the next preceding case, ante, 326:

I. The Secretary of War's "approval" of the final classification of these officers, and of the Honest and Faithful Board's proceedings in the case of Colonel Creary was without authority of law and null and void.

(1) The law requires Presidential review and action.

(a) It is held throughout and by all that the law requires the President to review the proceedings of the Classification Board and of the Honest and Faithful Board. The President was of that opinion; but misconceiving, as we think, the judicial character of his duty, he undertook to make a general delegation of it in all cases to the Secretary of War. The Supreme Court and the Court of Appeals also agreed as to the necessity of Presidential action but differed as to whether it was judicial or administrative in character.

(b) The statute clearly imposes the duty of Presidential review. It designates a Court of Inquiry and Military Boards to hear and determine the question of classification and the causes therefor, and specifically provides

that the President shall be the convening authority. Courts of Inquiry and Military Boards are of such a nature that their proceedings must necessarily be reviewed by the authority convening them. Winthrop's Military Law and Precedents, pp. 795–822. The statute makes express reference to the President's power of revision.

The then President seems to have had no doubt that he was the reviewing authority in all cases; and such is the view of the present President, as indicated by the regulations established by him.

(2) The proceedings themselves are judicial in character, and so, necessarily, must be the Presidential review of them. That review therefore can not be delegated. *Runkle* v. *United States,* 122 U. S. 543; *United States* v. *Page,* 137 U. S. 673; *United States* v. *Fletcher,* 148 U. S. 84.

(a) The Presidential review is inherently judicial. The statute provides for the removal of officers of the Army for causes specified which affect their good name, standing, and honor. If the officer is found inefficient, he can no longer remain on the active list, and if his inefficiency is found to be due to his own misconduct, neglect, or avoidable habits, then he is to be separated from the Army absolutely, discharged " without honor " and without pay. Where such is the case, in accordance with a fundamental principle of our law, the proceedings are judicial. *Runkle* v. *United States,* 122 U. S. 542; *Reagan* v. *United States,* 182 U. S. 419, 425; *Shurtleff* v. *United States,* 189 U. S. 311–314; *Kalbfus* v. *Siddons,* 42 App. D. C. 310, 318.

*Reaves* v. *Ainsworth,* 219 U. S. 296, and *Street* v. *United States,* 133 U. S. 299, relied upon by counsel on the other side, support him at no point, but proceed in recognition of the principles of law relied upon by us. The statute which constituted the law of the case in *Reaves* v. *Ains-*

*worth* was one which authorized the President to establish a system of examination for promotion, not removal from office for specified cause. That statute placed the entire power in the hands of the President; he could establish any system he pleased, without restriction. The system which by regulation he did establish kept the power of final review over the examining boards in his own hands and this fact is emphasized in the opinion of the court. That statute, for that purpose, gave unlimited power to the President; the present statute does nothing of the kind, but specifies the causes of removal, and endows boards of a judicial character with power to determine such causes after hearing. These boards must grant the hearing and keep within their jurisdiction.

In the *Street Case,* which arose under a statute the primary purpose of which was to reduce the Army (by honorable discharge and by discharge for cause without honor), the Department proceeded first to eliminate an officer for cause under § 11 of the act. That section expressly required a hearing for such elimination. The Department, finding it could not get the witnesses, abandoned the hearing for cause and proceeded under § 12, which authorized the Department to create a list of supernumerary officers (officers who were not needed in the largely reduced Army), and honorably discharged such supernumeraries. This was not a removal for cause, but a method of muster-out of a large number of officers no longer needed, the war being over. All that the court held in that case was that the authorities had the right, of course, to withdraw the charges of removal for cause and proceed under the honorable muster-out section.

(b) That Congress legislated with this principle in view and contemplated proceedings of a judicial character is indicated also by the judicial character of the agencies designated for the purpose.

(c) That Congress intended that every officer subjected to removal proceedings should have a full and fair hearing is clearly shown by the legislative history of said section. Committee Reports, No. 400, 66th Cong., 2d sess.; 59 Cong. Rec., No. 80, pp. 4626, 4629; *id.*, No. 82, pp. 4712–4724.

II. The proceedings of the Honest and Faithful Board, had without giving to Colonel Creary notice and opportunity to be heard, are null and void. *Reagan* v. *United States,* 182 U. S. 419; *Shurtleff* v. *United States,* 189 U. S. 311; *Kalbfus* v. *Siddons,* 42 App. D. C. 310. In removal proceedings for cause an officer must be given a hearing. *Ekern* v. *McGovern,* 154 Wisconsin, 157; *Dullam* v. *Willson,* 53 Mich. 392; *Page* v. *Hardin,* 8 B. Mon. 648; *Shumann* v. *McCartney,* 34 App. Div. 19, 53 N. Y. S. 1047; *Kasschan* v. *Police Comm.,* 155 N. Y. 40; *State ex rel. Gill* v. *Watertown,* 9 Wis. 254; *Randall* v. *State,* 16 Wis. 340; *Larkin* v. *Noonan,* 19 Wis. 82; *Benson* v. *People,* 10 Colo. App. 179; *Ham* v. *Board of Police of Boston,* 142 Mass. 90; *Metevier* v. *St. Louis,* 90 Mo. 19; *Peck* v. *Commissioner of Brooklyn,* 106 N. Y. 65; *Attorney General* v. *Hogan,* 64 Ohio St. 532; *Biggs* v. *McBride,* 17 Ore. 640; *Field* v. *Commonwealth,* 32 Pa. St. 478; *Commonwealth* v. *Slifer,* 25 Pa. St. 34; *Hallgren* v. *Campbell,* 82 Mich. 255.

III. The validity of the orders for retirement and discharge depends upon the validity of the proceedings had under § 24b, for it was by virtue of the authority of that section that the orders were issued. The suggestion that the orders in both cases might be sustained by the 118th Article of War is met by the fact they were not made under that authority.

IV. The court below held, inconsistently, that although Colonel Creary was entitled to a hearing before the Honest and Faithful Board, which is to the effect that the proceedings of that board were judicial in character,

the duty of review imposed upon the President was nevertheless administrative and delegable to the Secretary of War.

V. The Secretary of War, having unlawfully dispossessed these officers of their offices, mandamus is the proper remedy. *Interstate Commerce Commission* v. *Louisville & Nashville R. R. Co.,* 227 U. S. 88; *Kalbfus* v. *Siddons,* 42 App. D. C. 310; *Garfield* v. *Spalding,* 32 App. D. C. 153; *Moyer* v. *Baldwin,* 77 Oh. St. 532; *Chicago* v. *People,* 210 Ill. 84; *Metzker* v. *Neally,* 41 Kans. 122; *Pratt* v. *Police and Fire Commissioner,* 15 Utah, 1; *Miles* v. *Stevenson,* 80 Md. 358; *Field* v. *Malster,* 88 Md. 691; *Percival* v. *Cram,* 50 App. Div. 380; *Sugden* v. *Partridge,* 174 N. Y. 87; *Garfield* v. *Goldsby,* 211 U. S. 249.

*Mr. Solicitor General Beck* and *Mr. Frederick M. Brown* for defendant in error.

*Mr. Daniel Wilkinson Iddings,* by leave of court, filed a brief as *amicus curiæ.*

MR. JUSTICE CLARKE delivered the opinion of the court.

This case is in most respects so like No. 724, *United States ex rel. French* v. *Weeks, ante,* 326, that the two were argued and submitted together.

The relator herein was a Colonel in the Army and was discharged on November 17, 1920, " by direction of the President " on order of the Secretary of War, under the provisions of § 24b of the Army Reorganization Act (41 Stat. 759, 773). In his petition he prays, as did Colonel French in the other case, for a writ of mandamus commanding the Secretary of War to vacate the order for his discharge and to restore him to the status of Colonel in the Army, which he had held before the order.

The defendant answered the petition, a demurrer to the answer was sustained, and the defendant not desiring to

plead further, the Supreme Court of the District of Columbia granted the writ of mandamus as prayed for.  On error the Court of Appeals of the District of Columbia reversed the judgment of the Supreme Court and the case is here for construction of the act of Congress involved.

In addition to the contention that § 24b of the Army Reorganization Act required personal and judicial action on the part of the President, this day disposed of in No. 724, only one other question is argued in this case, viz: Did the failure to give the relator notice of the time and place of the meeting of the Honest and Faithful Board which considered his case, with an opportunity to be heard in his own behalf, so deny to him due process of law as to render void the action resulting in his discharge?

We shall not repeat the discussion of § 24b which led to our conclusion in No. 724, but we shall here confine ourselves to the additional question, as we have stated it, presented by this record.

When Colonel Creary was notified that he had been placed in Class B, as an officer " who should not be retained in the service," he requested a Court of Inquiry, which was thereupon convened, and it is averred in the answer and admitted by the demurrer that " by and before said Board he was given full and free opportunity to present testimony of himself and others in his behalf and to be heard fully, of which opportunities he availed himself so far as he desired."

The record of the Court of Inquiry was forwarded, as provided for by § 24b, to the Board of Final Classification, and that Board, without notice to the relator, reconsidered his case, but by its final finding retained him in Class B.  Thereupon, again without notice to relator, his case went to the Honest and Faithful Board, which finally classified him in Class B for " causes due to his neglect, misconduct, and avoidable habits," and under the terms of the statute he was discharged from the Army.

Thus is presented for decision the question whether the due process clause of the Fifth Amendment required that the relator should be given an opportunity to be heard before the finding was made by the board which required his discharge from the Army.

The power given to Congress by the Constitution to raise and equip armies and to make regulations for the government of the land and naval forces of the country (Art. I, § 8) is as plenary and specific as that given for the organization and conduct of civil affairs; military tribunals are as necessary to secure subordination and discipline in the Army as courts are to maintain law and order in civil life; and the experience of our Government for now more than a century and a quarter, and of the English Government for a century more, proves that a much more expeditious procedure is necessary in military than is thought tolerable in civil affairs (2 Stat. 359; *Dynes* v. *Hoover,* 20 How. 65). It is difficult to imagine any process of government more distinctively administrative in its nature and less adapted to be dealt with by the processes of civil courts than the classification and reduction in number of the officers of the Army, provided for in § 24b. In its nature it belongs to the executive and not to the judicial branch of the Government.

In the present case it is admitted that the relator was given full opportunity to be heard and that he was heard by the Court of Inquiry, and this is the only one of the four tribunals which dealt with his case which the act of Congress requires shall give him a hearing. The various boards provided for, each certainly had jurisdiction over the person of the relator as an army officer and over the subject of inquiry, under the terms of the act of Congress, and also because the right dealt with was distinctly military in its nature, affecting the status in the Army of a soldier, and it is entirely clear that the boards which acted on his case did not exceed the powers conferred upon

them. Such being the case, the Supreme Court of the District was without power to review or in any manner control the conduct of the boards or the result of their action. *Dynes* v. *Hoover,* 20 How. 65, 82; *Johnson* v. *Sayre,* 158 U. S. 109; *Carter* v. *McClaughry,* 183 U. S. 365, 380; *Mullan* v. *United States,* 212 U. S. 516; *Reaves* v. *Ainsworth,* 219 U. S. 296, 304. Without pursuing the subject further it is sufficient to repeat what was said by this court in *Reaves* v. *Ainsworth,* 219 U. S. 296, 304: " To those in the military or naval service of the United States. the military law is due process. The decision, therefore, of a military tribunal acting within the scope of its lawful powers cannot be reviewed or set aside by the courts."

It results that, because the action of the President, given effect by the order of the Secretary of War, was in full compliance with the act of Congress, and also because the Supreme Court did not have jurisdiction to order the writ of mandamus prayed for, the judgment of the Court of Appeals reversing the judgment of that court must be

*Affirmed.*