## BANACH v. HUNTER.

### No. 3448.

Circuit Court of Appeals, Tenth Circuit.

May 15, 1947.

Leo L. Banach, pro se.

Randolph Carpenter, U. S. Atty. (Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Leo Leonard Banach, sought release from confinement· in the Federal Penitentiary by writ of habeas corpus. He had a full and complete hearing in the court below and has appealed from the order and judgment of the court discharging the writ and remanding him to the custody of appellee.

Appellant was indicted in three separate indictments in the United States District Court for the Western District of Michigan. Indictment No. 4898 charged forgery of government checks and money orders. Indictment No. 4899 charged violations of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and Indictment No. 4942 charged violation of the Federal Escape Act, 18 U.S.C.A. § 753h et seq.

The records of the Michigan Court show the following proceedings in these cases: On June 19, 1944, appellant entered a plea of not guilty to the charges contained in the indictment in No. 4898, and No. 4899. On September 20, appellant was arraigned in Case No. 4942, and stood mute, whereupon a plea of not guilty was entered by order of the court. On September 21, 1944, appellant again appeared in court on all three cases, with counsel appointed by the court, and withdrew his prior plea of not guilty and entered a plea of nolo contendere in Cases 4898 and 4899. He entered a plea of guilty in No. 4942. The court found him guilty in all three cases and imposed a sentence of two years in each case. The sentences were made to run consecutively.

On April 6, 1945, while serving these sentences, appellant filed a motion in the Michigan court· to vacate these judgments on the ground that he had been induced to plead nolo contendere in Nos. 4898 and 4899 on the false representations by his attorney that he had an agreement with the District Attorney that these two cases would be dismissed, and that by reason of such misrepresentation he was induced to enter a plea of guilty in No. 4942. In a detailed opinion filed of record, the court found the charges to be groundless and denied the motion. Thereafter, appellant filed a further motion in the Michigan court to

vacate the judgments and order a new trial. The grounds for this motion were that the Michigan court had lost jurisdiction because the indictments were void for the following reasons: that they were not returned into open court; that they were not endorsed "a true bill"; that they were not signed by the foreman; that they were not presented to the court by the foreman of the Grand Jury in the presence of the jurors; and that the vote of the jurors was not recorded. Again, in a written opinion, the court analyzed all the contentions and found them without merit, and denied the motion.

In this case, appellant relies substantially upon the same facts he pleaded and urged in the above proceedings to sustain his contention that the Michigan judgments are void. He also asserts that he was denied his right of counsel at the time he entered his original plea of not guilty in Cases 4898 and 4899. The record conclusively shows that appellant was accorded the right of counsel at all stages of the proceedings. While he did not have counsel at the time he entered his plea of not guilty in No. 4898 and No. 4899, the record recites that his right to counsel was explained to him and was waived by him. This recital is binding in the absence of an allegation of fraud, and may not be challenged in a collateral proceeding.[1] At all subsequent stages of his trial, he was represented by counsel selected by him and appointed for him at his request by the court.

All the questions urged by him in this case were carefully considered by the Michigan court in the two proceedings which he brought subsequent to his incarceration, challenging the validity of the judgment. The trial court in this case did not rest its judgment upon the Michigan proceedings alone, but again examined in detail all the contentions advanced by appellant, and found the facts and law contrary to his contentions. A review of the record in this case clearly shows that judgment of the court in this case is right, and the judgment appealed from is accordingly affirmed.

---

[1] Thomas v. Hunter, 10 Cir., 153 F.2d 834; Bennett v. Hunter, 10 Cir., 155 F.2d 223.