**BROWN v. SANFORD.**

No. 2252.

District Court, N. D. Georgia, Atlanta Division.

Jan. 22, 1948.

Affirmed Nov. 3, 1948.

See 170 F.2d 344.

Henry L. Bowden and Andrews & Nall, all of Atlanta, Ga., for petitioner.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and Eugene Ferry Smith, Colonel, J. A. G. D., Staff Judge Advocate, Third Army, all of Atlanta, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

Petitioner was charged before a General Court-Martial convened at Laurinburg-Maxton, Army Air Base, Maxton, North Carolina, with violation of the 92nd Article of War, 10 U.S.C.A. § 1564, the specification being Rape of a named female, and with violation of the 93rd Article of War, 10 U.S.C.A. § 1565, the specification being Assault With Intent to Commit the Felony of Rape upon another named female. He was found guilty of both charges and both specifications, and a sentence of life imprisonment, imposed July 27, 1944 with recommendation for clemency, was reduced to fifteen years by the reviewing authority and duly approved according to law.

Application for habeas corpus was presented alleging denial of due process in that petitioner was held incommunicado until he made a confession in writing which was used against him on the trial; that the confession was given under circumstances inherently coercive and was not free and voluntary on his part; that the question of his sanity was not investigated although evidence sufficient to raise a doubt thereon had been presented prior to the preliminary investigation; that the Trial Judge Advocate and the Court-Martial were guilty of misconduct during the trial in various particulars; and that the Court-Martial erroneously denied petitioner's request for a severance of the charges against him. Rule nisi was granted, response made, traverse interposed, writ issued and a hearing had thereon at which petitioner testified and documentary evidence was introduced. Briefs were filed by counsel for both parties and oral argument heard thereafter.

"The court-martial being a special statutory tribunal, with limited powers, its

judgment is open to collateral attack, and unless facts essential to sustain its jurisdiction appear, it must be held not to exist," (Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 327, 66 L.Ed. 692), but its "sentence cannot be collaterally impeached for mere errors or irregularities, if any such were committed by the court while acting within the sphere of its authority." Ex Parte Reed, 100 U.S. 13(3), 25 L.Ed. 538.

■ "The courts are not the only instrumentalities of government" (Reaves v. Ainsworth, 219 U.S. 296, 306, 31 S.Ct. 230, 234, 55 L.Ed. 225), and "the power given to Congress by the Constitution to raise and equip armies and to make regulations for the government of the land and naval forces of the country (article I, § 8) is as plenary and specific as that given for the organization and conduct of· civil affairs; military tribunals are as necessary to secure subordination and discipline in the army as courts are to maintain law and order in civil life; and the experience of our government for now more than a century and a· quarter, and of the English government for a century more, proves that a much more expeditious procedure is necessary in military than is thought tolerable in civil affairs." Creary v. Weeks, 259 U.S. 336, 343, 42 S.Ct. 509, 510, 66 L.Ed. 973.

■■ As a Lieutenant in the Army, petitioner "was subject to military law, and the principles of that law, as provided by Congress, constituted for him due process of law in a constitutional sense" (French v. Weeks, 259 U.S. 326, 335, 42 S.Ct. 505, 508, 66 L.Ed. 965), and as to petitioner, "due process of law means the application of the procedure of the military law." United States ex rel. Innes v. Hiatt, 3 Cir., 141 F.2d 664, 666. "The civil courts are not courts of error to review the proceedings and sentences of courts-martial where they are legally organized and' have jurisdiction of the offense and of the person of the accused, and have complied with the statutory requirements governing their proceedings." Mullan v. United States, 212 U. S. 516, 520, 29 S.Ct. 330, 331, 53 L.Ed. 632.

■■ So far as the confession is concerned, a careful review of the proceedings before the General Court-Martial discloses all of the facts and circumstances surrounding the giving of this written statement were developed at the trial. Whether same was voluntary or given in a situation inherently coercive was, therefore, one of the issues to be determined by the Court-Martial. "Where the evidence as to whether there was coercion is conflicting, or where different inferences may fairly be drawn from the admitted facts, the question whether a confession was voluntary is for the triers of the facts." Lyons v. Oklahoma, 322 U.S. 596(3), 64 S.Ct. 1208, 88 L.Ed. 1481. However, the proof given at the instant hearing fails to indicate that a situation inherently coercive existed within the meaning of Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192, although petitioner was apparently restrained in accordance with the provisions of Army Regulations 600-375.

■■ As to the failure of the Investigating Officer, Trial Judge Advocate, and the Court-Martial to investigate petitioner's sanity, the case appears from the record to have been investigated substantially in accordance with Article 70 of the Articles of War, 10 U.S.C.A. § 1542. While preliminary investigation is jurisdictional (Reilly v. Pescor, 8 Cir., 156 F.2d 632, 634), capacity of the accused is not an express condition precedent to trial by court-martial, although provision for such is contained in the Manual for Courts-Martial. In the instant case, the Investigating Officer expressed the opinion that petitioner was mentally competent, and petitioner did not defend on the ground of insanity. He does not in fact even at this time make any contention of lack of capacity. Failure to make a more complete investigation of sanity does not in the circumstances proved appear to have been a denial of due process.

The attack based· on the manner in which petitioner's trial was conducted, although complaining of some incidents which would have been improper in a civil court, in its last analysis amounts to no more than an effort to review mere errors and irregularities.

■ A careful review of the record of the court-martial in the present case impels

the conclusion that the procedure of the military law has been applied in a substantially fair manner, and there is sufficient evidence to support the findings made.

No ground sufficient to support a discharge on habeas corpus has been established.

Whereupon, it is Considered, Ordered and Adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.