**ADAMS v. HIATT, Warden.**

No. 214 Habeas Corpus.

District Court, M. D. Pennsylvania.

Aug. 10, 1948.

Merrill W. Linn, of Lewisburg, Pa., and Oscar W. B. Reed, of Washington, D. C., for petitioner.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., Charles W. Kalp, Jr., Asst. U. S. Atty., of Lewisburg, Pa., and Major

Thayer Chapman, Office of the Judge Advocate General, of Washington, D. C., for respondent.

FOLLMER, District Judge.

Albert A. Adams, having been convicted by a General Court-Martial under the 92nd Article of War, 10 U.S.C.A. § 1564, on a charge of rape, and being now a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a petition for writ of habeas corpus.

■ Petitioner contends that a court-martial composed wholly of Army officers [1] is unconstitutional. This calls for no extended discussion. The Supreme Court has pointed out that "The constitutionality of the acts of Congress touching army and navy courts-martial in this country, if there could ever have been a doubt about it, is no longer an open question * * *." [2] and to those in the military service, military law is due process of law. [3]

■ Petitioner further contends that defense counsel were not attorneys and did not adequately represent him. At the hearing petitioner was unable to state whether or not they were attorneys, but this is not a requirement under military law. [4] The regularly appointed defense counsel were excused when the accused stated that he desired to be defended by a Major [5] and a Captain, both of whom were personally selected by him. [6] He now complains of counsel of his own choice. What constitutes incompetency within the meaning of due process has been considered in numerous decisions. [7] Although it has been pointed out that he may not complain that he was inadequately represented by his own deliberately selected counsel, [8] there is, in any event, no basis for any such finding in the instant case.

■ Petitioner further alleges that there was no thorough and impartial pretrial investigation under Article of War 70, 10 U.S.C.A. § 1542. In this respect he claims he was denied the right to cross-examine witnesses or to present statements or matters on his own behalf, and that the victim was not properly called upon to identify him. This case has been repeatedly reviewed by the military authorities and the sentence reduced from life to twenty, to fifteen, to ten years. In a similar case, Waite v. Overlade, 7 Cir., 164 F.2d 722, it is pointed out that a mere failure to comply with proper procedure with respect to pre-trial investigation does not deprive the trial court of jurisdiction. [9] In the present case the record shows accused was informed of the purpose of the investigation, acquainted with the charges and the evidence against him, and given an opportunity to examine witnesses and make any statement or argument he desired. [10] Petitioner's contentions are inconsistent therewith and constitute an attempt to collaterally attack the record. [11] The facts do not, in any event, sus-

---

[1] In accordance with Article of War 4, 10 U.S.C.A. § 1475.

[2] Ex parte Reed, 100 U.S. 13, 21, 25 L.Ed. 538, reaffirmed in Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469; and see also Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3; In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499.

[3] French v. Weeks, 259 U.S. 326, 335, 42 S.Ct. 505, 66 L.Ed. 965; Ex parte Smith, D.C.M.D.Pa., 72 F.Supp. 935.

[4] Altmayer v. Sanford, 5 Cir., 148 F.2d 161; Romero v. Squier, 9 Cir., 133 F.2d 528; Ex parte Steele, D.C.M.D.Pa. 79 F.Supp. 428.

[5] One of respondent's witnesses knew the Major and stated that he was an attorney. H.C. Transcript of Testimony, page 47.

[6] Respondent's Exhibit No. 1, Court-Martial Record, page 33 (Top).

[7] Ex parte Smith, D.C.M.D.Pa., 72 F. Supp. 935, 939 (and cases there cited); Setser v. Welch, 4 Cir., 159 F.2d 703; Maye v. Pescor, 8 Cir., 162 F.2d 641; Helms v. Humphrey, D.C.Minn., 63 F. Supp. 4; Pierce v. Hudspeth, 10 Cir., 126 F.2d 337; United States ex rel. Gash v. Nierstheimer, D.C.Ill., 74 F. Supp. 992, 995.

[8] Morton v. Welch, 4 Cir., 162 F.2d 840.

[9] Glenn v. Hodges, D.C.S.D.N.Y., 79 F.Supp. 400 (May 14, 1948); see also as to the effect of errors committed prior to trial, Kaizo v. Henry, 211 U.S. 146, 29 S.Ct. 41, 53 L.Ed. 125; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849.

[10] Respondent's Exhibit No. 1, Court-Martial Record page 18, et seq.

[11] Smith v. Hiatt, D.C.M.D.Pa., 54 F. Supp. 481; Edminston v. Hunter, 10 Cir.,

tain petitioner's contentions. As to any denial of the right to examine witnesses, he admits that he was aware of his right to do so [12] and that he did not ask for any such opportunity.[13] As to statements, he had already made one and at the pre-trial investigation did not attempt to make another.[14] As to the method of identification, he himself admitted the intercourse in such statement given shortly after the occurrence, and was also identified at the trial by other witnesses including the officer who found him at the scene of the crime. The investigating officer testified at the hearing and convincingly showed that accused was acquainted with his rights and given every opportunity to examine or cross-examine witnesses or request other witnesses, and that nothing occurred which could in anywise be construed as a denial of due process.[15]

 Petitioner complains of the admission in evidence of the statement made by him. It was admitted with his consent,[16] it was not in the strict sense a confession, and he himself did not take the stand at the trial or attempt to show that the statement was improperly offered.[17] This was purely a question of the admissibility of evidence with which we would not in any event be here concerned.[18]

 Finally, petitioner contends in effect that on the evidence presented, the military court should have entered a judgment of acquittal. An examination of the record reveals no basis for this contention. While the Court-Martial had the advantage of observing their demeanor and was in a far better position to judge the credibility of the witnesses than this Court on the cold record, there was direct testimony by the victim, whose story in print has a ring of truth and sincerity about it, as well as the testimony of the father and others as to corroborating circumstances, on which the court, believing the same, was justified in rendering the verdict of guilty. The accused deemed it his safest course not to take the stand or testify. There is no denial of the fact that the victim was, against her will, forced into a room while the accused and another soldier alternately, with a rifle, prevented others from entering the room.

 The case was carefully reviewed by the Staff Judge Advocate [19] and by a Board of Review.[20] This is the process of appellate review provided by Congress to correct trial errors in prescribing the procedure for administration of military justice. This Court in habeas corpus does not sit in appellate review over such proceedings [21] and the proceedings cannot be collaterally impeached for mere error or irregularity committed within the sphere of authority of the military court.[22] "It is not the function of habeas corpus to determine whether incompetent evidence was admitted and considered, or to review possible errors of law in the trial, or from the cold

161 F.2d 691; Christakos v. Hunter, 10 Cir., 161 F.2d 692; Banach v. Hunter, 10 Cir., 161 F.2d 682; Ex parte Whistler, D.C.Wis., 65 F.Supp. 40, appeal dismissed 7 Cir., 154 F.2d 500, certiorari denied 327 U.S. 797, 66 S.Ct. 822, 90 L.Ed. 1023, rehearing denied 327 U.S. 819, 66 S.Ct. 959, 90 L.Ed. 1041.

[12] H.C. Transcript of Testimony, page 22.

[13] H.C. Transcript of Testimony, page 21.

[14] H.C. Transcript of Testimony, Page 22.

[15] H.C. Testimony of Captain Floyd, pages 44 to 50.

[16] Respondent's Exhibit No. 1, Court-Martial Record page 50.

[17] Sink v. Cox, 8 Cir., 142 F.2d 917.

[18] Miller v. Hiatt, 3 Cir., 141 F.2d 690; Ex parte Smith, D.C.M.D.Pa., 72

F.Supp. 935, 941; United States ex rel. Gash v. Nierstheimer, D.C.Ill., 74 F. Supp. 992, 995; Cash v. Huff, 4 Cir., 142 F.2d 60.

[19] Respondent's Exhibit No. 1, Court-Martial Record pages 10 to 12.

[20] Respondent's Exhibit No. 1, Court-Martial Record pages 3 to 5.

[21] Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225; French v. Weeks, 259 U.S. 326, 42 S.Ct. 505, 66 L.Ed. 965; Creary v. Weeks, 259 U.S. 336, 42 S.Ct. 509, 66 L.Ed. 973; Waite v. Overlade, 7 Cir., 164 F.2d 722.

[22] In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Carter v. Woodring, 67 App.D.C. 393, 92 F.2d 544, certiorari denied 302 U.S. 752, 58 S.Ct. 283, 82 L.Ed. 582; Eagles v. Samuels, 329 U.S. 304, 311, 67 S.Ct. 313, 91 L.Ed. 308.

436

record to reweigh the testimony and pass upon the guilt or innocence of the accused."[23] No errors appear in this case which would constitute a denial of due process of law and have deprived the trial court of jurisdiction.

The rule to show cause is accordingly dismissed and the application for a writ of habeas corpus denied.

---

[23] Ex parte Steele, D.C.M.D.Pa., 79 F.Supp. 428, and cases cited.