### HANES v. PACE, Secretary of the Army.

### No. 11557.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 27, 1953.

Decided March 12, 1953.

'Richard L. Merrick, Washington, D. C., with whom Thomas H. King, Washington, D. C., was on the brief, for appellant.

David Orlikoff, Attorney, Department of Justice, Washington, D. C., *pro hac vice*, by special leave of Court, with whom Charles M. Irelan, U. S. Atty., Washington, D. C., was on the brief, for appellee. Peter C. Charuhas, Attorney, Department of Justice, and William E. Kirk, Jr., Asst. U. S. Atty., Washington, D. C., entered appearances for appellee.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time brief was filed, also entered an appearance for appellee.

Before PROCTOR, FAHY and WASHINGTON, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a summary judgment in favor of Pace, Secretary of the Army, defendant in the District Court and appellee here.

As the result of proceedings under Act of July 29, 1941, Public Law 190,[1] Hanes, appellant, while a lieutenant colonel in the Regular Army of the United States, serving in England during the late war, was officially notified (November 22, 1943) that he had been recommended for removal from the active list of the Army, but that prior to final action of the War Department it was desired to ascertain whether he preferred to avail himself of the vol-

1. 55 Stat. 606, 10 U.S.C.A. § 571 note, provides in part as follows:
   "Sec. 2. That during the time of the national emergency announced by the President on May 27, 1941, the Secretary of War, for such causes and under such regulations as he may prescribe, may remove any officer from the active list of the Regular Army: *Provided*, That such removal be made from among officers whose performance of duty, or general efficiency, compared with other officers of the same grade and length of service, is such as to warrant such ac-

tion, or whose retention on the active list is not justified for other good and sufficient reasons appearing to the satisfaction of the Secretary of War: *Provided further*, That each officer so removed from the active list shall have been recommended for removal by a board of not less than five general officers convened for this purpose by the Secretary of War: *Provided further*, That such officer is allowed a hearing before said board. The action of the Secretary of War in removing an officer from the active list shall be final and conclusive."

untary retirement provisions afforded by law [2] under Army Regulation 605–245.[3] Complying with the direction to reply within three days, Hanes did in writing indicate his desire to retire under the provisions of the regulation. Accordingly on December 30, 1943, he was ordered retired from active duty, effective April 30, 1944, after expiration of his accumulated leave.

However, following the formal request for retirement or after it became effective, Hanes made a series of unsuccessful moves, apparently designed to restore him to an active duty status. These included (1) a request for a court of inquiry to review evidence before the board recommending his removal from active duty, concerning which Hanes now contends the evidence was insufficient and the proceedings invalid and "fraudulent"; (2) a request under Army Regulation 605–245 to withdraw his application for retirement; (3) an application for correction of military record under provisions of § 207 of the Legislative Reorganization Act of 1946;[4] (4) an application for consideration and hearing before a Board of Review pursuant to § 107 of the Act of June 29, 1948.[5]

Finally, May 21, 1951, some seven years after the order of retirement, Hanes filed his complaint in the District Court. He alleged with considerable particularity the facts we have recited; denied the truth of charges before the so-called reclassification board of failure and inattention in performing his military duties, and attacked in detail the regularity, sufficiency and validity of proceedings resulting in the recommendation by the board of general officers, provided by Act of July 29, 1941, for his removal from the active list under that statute. Further, Hanes charged that he was arbitrarily and unlawfully retired and has been deprived of the difference between retired and active duty pay and allowances, amounting to some $375 per month from April 18, 1944 (aggregating about $32,000 at time of suit).

Concerning his notice to the War Department of a desire to retire voluntarily, Hanes alleged that it was made "under * * * compulsion and duress" to state his wishes respecting retirement within three days, and at a time when he was extremely anxious to visit his ill wife and when he was "nearly exhausted" from ef-

2. Act of July 31, 1935, § 5, 49 Stat. 507, as amended June 13, 1940, § 3, 54 Stat. 380, 10 U.S.C.A. § 971b:
"Sec. 5. * * * That any officer on the active list of the Regular Army or Philippine Scouts who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, shall upon his own application be retired with annual pay equal to 75 per centum of his active-duty annual pay at the time of his retirement * * *."

3. Section I, paragraph 3 of Army Regulation 605–245 repeats verbatim Section 5 of the Act quoted in footnote 2.

4. 60 Stat. 837, 5 U.S.C.A. § 191a:
"Sec. 207. The Secretary of War, the Secretary of the Navy, and the Secretary of the Treasury with respect to the Coast Guard, respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or to remove an injustice."

5. 62 Stat. 1082, 10 U.S.C.A. § 586:

"Sec. 107(a) Immediately following the enactment of this Act, the Secretary of the Army * * * shall transmit the records of all proceedings in the case of each person heretofore removed from the active list of the Regular Army * * * pursuant to the provisions of section 2 of the joint resolution of July 29, 1941, (55 Stat. 606), to a Board of Review convened under section 104 of this title. Each person so removed shall be notified of the reference of his case to such Board of Review, and shall be accorded opportunity to appear before the board in person or by counsel. After full and fair consideration of all the facts and circumstances of each such case as they existed at the time of removal, the board shall transmit to the Secretary of the Army * * * a report thereon containing its findings of fact, its conclusion on the question whether such removal was justified, and its recommendation on the question whether the officer affected should be restored to the active list pursuant to the provisions of this section."
Since Hanes was not removed from the active list pursuant to the Act of July 29, 1941, he was not granted a hearing before the Board of Review.

forts to obtain a fair and impartial consideration of his case; therefore he charges that he was deprived of his free will in reaching the decision to retire rather than to further oppose removal from the active list of the Army.

Finally, the complainant prayed for (1) a determination and declaration as to his military status, especially with reference to the legality of his retirement; (2) an injunction restoring him to the active list of the Army and benefits which would have accrued without retirement; and (3) a "determination" that he was entitled to the difference between his retired and active service pay.

[1-3] Answering, the defendant denied all allegations of the complaint relating to charges of illegality (1) in proceedings culminating in the recommendation by the board of general officers for Hanes' removal from active service and (2) in his retirement. Further, he attacked the complaint as failing to state a claim upon which relief could be granted, and lack of jurisdiction in the court over the subject matter. The defendant also filed a motion, supported by affidavit, for summary judgment upon the ground there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. The motion was granted and the complaint dismissed upon grounds that the court was without jurisdiction (1) to restore Hanes to the active list of the Army, citing cases;[6] or (2) to declare the legality of Hanes' retirement, for the Declaratory Judgment Act does not confer jurisdiction in the courts over cases in which it did not exist before such enactment, citing Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 174

F.2d 978, with cases therein referred to; and (3) to determine Hanes' claim for the difference between his active and retired pay, since such determination is within the exclusive jurisdiction of the Court of Claims.[7]

█ We agree with the conclusions of the District Judge. However, if we assume the court to have jurisdiction, the result must be the same. For we are convinced that the retirement of Hanes was valid and binding upon him. He attacks legality of the retirement by averring that his notice to the War Department of a desire to retire was not voluntary, but made "under the compulsion and duress of complying with a written military command to submit his answer" to the War Department within three days, and that the reply indicating his desire to retire was made in a state of worry and near exhaustion.

█ We do not doubt the validity of the War Department's requirement for a speedy reply to its communication. Although directing a reply, which could lawfully be done, it left Hanes entirely free to retire, or not, as he pleased. Having communicated his desire to retire we must regard his action as voluntary and the order of retirement as a valid and binding exercise of military authority. Obviously, if the retirement was valid, as we have indicated, that ends the matter. There can be no need to examine the additional points concerning proceedings resulting in the recommendation for his removal from active service, for his retirement cut short those proceedings without final action thereon by the War Department and rendered moot any questions concerning their regularity or validity. However, it is interest-

---

6. United States v. Burchard, 1888, 125 U. S. 176, 179, 8 S.Ct. 832, 31 L.Ed. 662, 663; Potts v. United States, 1888, 125 U. S. 173, 175, 8 S.Ct. 830, 31 L.Ed. 661, 662; McBlair v. United States, 1884, 19 Ct.Cl. 528; Runkle v. United States, 1884, 19 Ct.Cl. 396, 417. See also Creary v. Weeks, 1922, 259 U.S. 336, 344, 42 S.Ct. 509, 66 L.Ed. 973, 975; Reaves v. Ainsworth, 1911, 219 U.S. 296, 306, 31 S.Ct. 230, 55 L.Ed. 225, 229; Mimmack v. United States, 1878, 97 U. S. 426, 437, 24 L.Ed. 1067, 1069; Gen-

tila v. Pace, 1951, 90 U.S.App.D.C. 75, 193 F.2d 924.

7. 28 U.S.C. § 1346 (Supp. V., 1952) provides that jurisdiction of the district courts concurrent with the Court of Claims shall be limited to $10,000; and further that "The district courts shall not have jurisdiction under this section of * * * Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

ing to note from the War Department's sworn record supporting the motion for summary judgment, that when Hanes appeared with counsel before the board of general officers, convened under Act of July 29, 1941, he stated that he had no additional evidence to offer and desired to make no statement or call any witness in his own behalf (Appendix 19). It would therefore seem that any objections which Hanes had made before the so-called reclassification board concerning its proceedings, were waived by the position he took before the statutory board of general officers, who recommended his removal to the Secretary of War.

Affirmed.